# Southern Woodmen v. Morris.

### Assumpsit.

(Decided January 11, 1916. 70 South. 952.)

1. **Evidence; Best and Secondary; Notice.**—Where the action was on a benefit insurance certificate to recover an accident benefit, a question to the plaintiff as to whether he gave notice to the company of the injury, merely called for evidence as to whether the notice was given, and not as to the contents of the notice, and was proper.

2. **Insurance; Mutual Benefit; Notice of Claim.**—Where a benefit insurance certificate, insuring against accident, as well as death and permanent and total disability, required notice only in case of death or permanent and total disability, and notice was not required by the by-laws, notice of an accident resulting in a broken arm was not required to be given.

3. **Same; Contract; Construction.**—One definition of the word "broken" is "separated forcibly into parts; fractured; shattered; ruptured; as * * * a broken limb," a fracture such as some of the evidence in this case tended to show, was covered by the contract providing for the payment of $200 in the event of a broken arm or broken leg.

4. **Same; Instructions.**—Where the benefit insurance certificate did not require insured to give notice of an accident resulting in a broken arm, the obligation to pay was fixed at the very moment the arm was broken; and where there was evidence tending to show notice, and a refusal to pay, the insurer was without right to complain of the giving of a charge asserting that plaintiff was entitled to interest upon the amount from the time it was due, and that it was for the jury to determine when it became due, and that "I would say that it became due from the time defendant had notice of the injury."

APPEAL from Anniston City Court.

Heard before Hon. HUGH D. MERRILL.

Action by Elbert G. Morris against the Southern Woodmen, on a benefit certificate. Judgment for plaintiff and defendant appeals. Affirmed.

Dr. Sellers took a shadowgraph of the alleged fracture with an X-ray machine, and stated that it was a fracture, and gave the process by which it was taken, showing the shadow produced by the fracture a little heavier than the other part of the bone, testifying positively that it was a fracture, but that the other shadows shown might or might not be fractures. The oral charge of the court excepted to is as follows:

But plaintiff would be entitled to interest from the time that the amount was due, if you find that the arm was broken; and it is for you to determine from this evidence when it became due, I would say that it became due from the time defendant had notice of the injury.

The following are the charges refused to defendant: (1) A mere fracture of the arm is not a sufficient foundation for a verdict for the plaintiff; and, if any member of the jury is not satisfied that the parts of the arm were separated by the alleged break, then the jury should not find for plaintiff.

(2) If any member of the jury is not reasonably satisfied from the evidence that the arm of plaintiff was broken off, but that it was merely fractured or cracked, then the verdict should not be for plaintiff.

(3) If no part of the arm of plaintiff was broken except the end of the lower arm, then the verdict of the jury should be for defendant.

(4) Same as 1.

(5) Affirmative charge.

(6) A broken arm, within the meaning of the policy sued on, is one, the continuity of whose parts have been severed; and, unless the jury is satisfied that plaintiff's arm was thus broken, their verdict must be for defendant.

S. W. TATE, for appellant. E. F. WHARTON, and HARVEY A. EMERSON, for appellee.

BROWN, J.—This action is on a benefit certificate issued by the defendant to the plaintiff as "Royal Guest," in which it covenants and agrees, in consideration of the payment of a fixed

premium at specified times, to pay to the wife of said Royal Guest, upon proof of his death, the accumulated benefits, the amount of which depends upon the age of the policy or certificate, and, in case of total and permanent disability, to pay to the Royal Guest a specified sum, and so on, including the loss of a certain member of the body, and, also: "In event of a broken arm or broken leg at any time while in good standing, this guest shall receive two hundred dollars."

This suit is predicated on the quoted clause, and the fact that the plaintiff was in good standing at the time of the alleged injury is not questioned.

The evidence on the part of the plaintiff tends to show that on the 4th day of March, 1913, while engaged in and about his work, he fell and his arm was broken; while that offered by the defendant tends to show that the arm was not broken. Both parties had an X-ray "shadowgraph" made, which were offered in evidence, and the evidence tends to show that the shadowgraph made at plaintiff's instance indicated a break or fracture. These shadowgraphs are not attached to the record.

(1, 2) The question, "Did you give notice to the company of this injury you received?" merely elicits evidence of the fact of such notice being given, and not the contents of such notice, and the ruling of the court was free from error. The only notice provided for in the contract is in case of death or permanent and total disability; and the claim in suit not being predicated on either of the clauses providing against such contingency, it was not incumbent on the insured to give notice, unless such notice was required by the by-laws of the order, and this is not made to appear in this record.

(3) It is a familiar rule that contracts of insurance are liberally construed in favor of the insured, and words not having a fixed technical meaning will be given the meaning accorded them in ordinary and common use. One definition of the word "broken," given by the Standard Dictionary, is: "1. Separated forcibly into parts; fractured; shattered; ruptured; as broken reeds; a broken limb; broken skin; broken waves."

The contract does not undertake to define the terms "broken arm or broken leg" as used therein, and we hold that a fracture such as some of the evidence tends to show the plaintiff suffered in his arm is covered by the contract.—*Peterson v. Modern Brotherhood of America,* 125 Iowa, 562, 101 N. W. 289, 67 L. R. A. 631.

[Wilson v. Owens Horse & Mule Co.]

(4) The charges refused to defendant and made the basis of the assignments of error were properly refused. The contract not requiring the plaintiff to give the notice, the obligation to pay was fixed at the very moment the arm was broken. There was evidence tending to show notice and a refusal to pay, and appellant has no ground to complain at the oral charge of the court, and the exception thereto was without merit.

This disposes of all the assignments of error. The judgment is affirmed.

Affirmed.

PELHAM, P. J., not sitting, being related to one of the parties.